

```
UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
     SPRINGFIELD DIVISION
```

MAR 2 0 2003

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| )   CRIM. NO. 03-300 26 | |
| v.   ) VIO:  21 U.S.C. § 841(a)(1). | |
| ) | |
| THEODORE WORKMAN,   ) | |
| ) | |
| Defendant.   ) | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

On or about February 27, 2003, in Christian County, Illinois, in the Central District of Illinois, the defendant,

**THEODORE WORKMAN,**

knowingly and intentionally manufactured a controlled substance, namely, methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL,

s/ Foreperson
_____
FOREPERSON



s/ K. Tate Chambers
_____
JAN PAUL MILLER
UNITED STATES ATTORNEY

GMG



AO 245B8 (Rev. 8/01) Judgment in a Criminal Case (CDIL)
Sheet 1

# UNITED STATES DISTRICT COURT

__Central__ District of __Illinois__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For Offenses Committed On or After November 1, 1987) |
| THEODORE WORKMAN | Case Number: 3:03-30026-001 |
| | George Taseff |
| | Defendant's Attorney |

**FILED**

NOV 1 7 2003

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE DEFENDANT:**

[x] pleaded guilty to count(s) __1__

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 21 USC § 841(a)(1) | Manufacture of a Controlled Substance | 2/27/2003 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ [ ] is [ ] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ███768
Defendant's Date of Birth: ███1968
Defendant's USM No.: 14008-026
Defendant's Residence Address:
███
Taylorville, IL 62568

Defendant's Mailing Address:
Same as above.

November 14, 2003
Date of Imposition of Judgment

s/ Jeanne E. Scott
Signature of Judicial Officer

JEANNE E. SCOTT,
United States District Judge
Name and Title of Judicial Officer

November 14, 2003
Date

(16)

AO 245B   (Rev. 8/01) Judgment in Criminal Case
         Sheet 2 — Imprisonment

DEFENDANT:  THEODORE WORKMAN                                    Judgment — Page 2 of 6
CASE NUMBER: 3:03-30026-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 146 Months

[x] The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be placed in a facility as close to Taylorville, IL, as is possible.

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
   [ ] as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before on _____ .
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

   Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                              _____
                                              UNITED STATES MARSHAL

                                          By  _____
                                              DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 8/01) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

DEFENDANT: THEODORE WORKMAN
CASE NUMBER: 3:03-30026-001

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 Years

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from any     use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 8/01) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

DEFENDANT: THEODORE WORKMAN
CASE NUMBER: 3:03-30026-001

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. He shall, at the direction of the Probation Office, participate in a program for substance abuse treatment including testing to determine whether he has used controlled substances and/or alcohol. He shall pay for these services as directed by the probation officer.

2. The defendant shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

3. The defendant is to be employed or in a job training program while on supervised release. If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of and in the discretion of the U. S. Probation Office until gainfully employed.

AO 245B  (Rev. 8/01) Judgment in a Criminal Case
Sheet 4 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: THEODORE WORKMAN
CASE NUMBER: 3:03-30026-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 100.00   | $    | $           |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|------------------------------------------|
|               |                      |                               |                                          |

| TOTALS | $ | $ |
|--------|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   (Rev. 8/01) Judgment in a Criminal Case
         Sheet 4A — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: THEODORE WORKMAN | Judgment — Page 6 of 6 |
| CASE NUMBER: 3:03-30026-001 |  |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [x] Lump sum payment of $ 100.00 due immediately, balance due

   [ ] not later than _____, or
   [ ] in accordance with [ ] C, [ ] D, or [ ] E below; or

B  [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] E below); or

C  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

33, CLOSED

## U.S. District Court
### Central District of Illinois (Springfield)
### CRIMINAL DOCKET FOR CASE #: 3:03-cr-30026-JES-ALL
### Internal Use Only

Case title: USA v. Workman  
Magistrate judge case number: 3:03-mj-03015

Date Filed: 03/20/2003

Assigned to: Judge Jeanne E. Scott

**Defendant**

**Theodore Workman** (1)  
*TERMINATED: 05/05/2004*

represented by **David B Mote**  
FEDERAL PUBLIC DEFENDER  
600 E Adams  
2nd Floor  
Springfield, IL 62701  
(217) 492-5070  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

21:841A=CM.F CONTROLLED SUBSTANCE - MANUFACTURE - On or about February 27, 2003 in Christian County, Illinois, defendant knowingly and intentionally manufactured a controlled substance, namely methamphetamine, in violation of 21:841(a)(1)  
(1)

**Disposition**

Defendant sentenced to 146 Months imprisonment; 3 years supervised release; $100.00 mandatory special assessment.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**    represented by **Gregory M Gilmore**
US ATTY
318 S Sixth
Springfield, IL 62701-1806
217-492-4450
Fax: 217-492-4512
Email: greg.gilmore@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/28/2003 | 1 | COMPLAINT Theodore Workman (1) count(s) cmp, Nicole Coffey (2) count(s) cmp before Mag. Judge Byron G. Cudmore [ 3:03-m -3015 ] (MC, ilcd) (Entered: 02/28/2003) |
| 02/28/2003 | 2 | ARREST Warrant issued for Theodore Workman by Mag. Judge Byron G. Cudmore [ 3:03-m -3015 ] (MC, ilcd) (Entered: 02/28/2003) |
| 02/28/2003 |   | MINUTES: before Mag. Judge Byron G. Cudmore. In chambers. Present AUSA Gilmore and DEA Special Agent Bruce Kettlekamp. Affiant sworn. Affidavit and Complaint executed. Court finds probable cause. Arrest warrants ordered to issue with no bond. (cc: all counsel) [ 3:03-m -3015 ] (MC, ilcd) (Entered: 02/28/2003) |
| 02/28/2003 |   | MINUTES: before Mag. Judge Byron G. Cudmore. INITIAL APPEARANCE. AUSA Gregory Gilmore present on behalf of government. Both Defendants present in custody. Defendant Workman sworn and questioned by court regarding financial status. Court finds Defendant Workman indigent and qualifies for appointment of counsel. Federal Public Defender David Mote present and accepts appointment. Defendant Coffey sworn and questioned by court regarding financial status. Court finds Defendant Coffey indigent and qualifies for appointment of counsel. Attorney Lindsey Reese present and accepts appointment. First appearance of Theodore Workman with Attorney David Mote present. First appearance of Nicole Coffey with Attorney Lindsey Reese present. Defendants advised of rights, charges and penalties. Government seeks detention and requests continuance. Detention and preliminary exam hearing scheduled for 3/5/03 at 4:00 p.m. Defendants remanded to the custody of the US Marshal. (cc: all counsel, USPO, USM) [ 3:03-m -3015 ] (CC, ilcd) (Entered: 03/03/2003) |
| 03/04/2003 | 4 | CJA Form 20 Copy 4 (Appointment of Counsel) - CJA voucher sent to Attorney Reese. [ 3:03-m -3015 ] (CT, ilcd) Modified on 03/04/2003 |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                   |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | (Entered: 03/04/2003)                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| 03/05/2003 | 5  | ARREST Warrant returned executed as to Theodore Workman 2/28/03 (see d/e 2 for original return signature) [ 3:03-m -3015 ] (MC, ilcd) (Entered: 03/05/2003)                                                                                                                                                                                                                                                                                                                       |
| 03/07/2003 | 9  | NOTICE by plaintiff USA of filing proposed detention order [ 3:03-m -3015 ] (MC, ilcd) (Entered: 03/10/2003)                                                                                                                                                                                                                                                                                                                                                                      |
| 03/12/2003 | 10 | ORDER of Detention of Theodore Workman pending trial by Mag. Judge Byron G. Cudmore (cc: all counsel, USM, USPO). [ 3:03-m -3015 ] (MR, ilcd) (Entered: 03/12/2003)                                                                                                                                                                                                                                                                                                               |
| 03/20/2003 | 11 | INDICTMENT by AUSA Gregory M Gilmore. Counts filed against Theodore Workman (1) count(s) 1 (MC, ilcd) (Entered: 03/24/2003)                                                                                                                                                                                                                                                                                                                                                       |
| 03/26/2003 |    | MINUTES: before Mag. Judge Byron G. Cudmore arraignment set for Defendant Workman on April 2, 2003 at 11:30 a.m. at 600 E. Monroe, Courtroom 3, Springfield, Illinois. (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 03/26/2003)                                                                                                                                                                                                                                              |
| 04/02/2003 |    | MINUTES: before Mag. Judge Byron G. Cudmore. Arraignment held 4/2/03. AUSA Gregory Gilmore present on behalf of the Govt. Dft Theodore Workman present in custody with Deputy Chief Federal Public Defender David Mote. Dft advised of charges and penalties. Court finds dft competent. Dft waives reading of the Indictment. Dft Theodore Workman arraigned; NOT GUILTY plea entered; Attorney present; Plea accepted. Final pretrial conference set 5/9/03 at 9:00 a.m.; Jury trial set 5/12/03 at 9:00 a.m. before Judge Jeanne E Scott. Previous Order of Detention to remain in full force and effect. (cc: all counsel, USM, USPO) (MR, ilcd) (Entered: 04/02/2003) |
| 05/01/2003 | 12 | MOTION to continue final pretrial and trial by Theodore Workman (MC, ilcd) (Entered: 05/01/2003)                                                                                                                                                                                                                                                                                                                                                                                  |
| 05/05/2003 |    | MINUTES: before Judge Jeanne E. Scott. The Court has received Defendant's Motion to Continue the final pretrial conference and the trial [d/e 12]. The Government does not object to this Motion. The Court finds that the ends of justice served by granting the continuance outweigh the best interest of Defendant and the public in a speddy trial. 18 USC 3161 (h)(8)(A). The Motion to Continue is alled. Therefore, the final pretrial conference set for 5/9/03 at 9:00 a.m. and the trial set for 5/12/03 at 9:00 a.m. are cancelled. The final pretrial conference is reset for 9:00 a.m. on 5/29/03 and the trial is set for 9:00 a.m. on 6/2/03. (cc: all counsel, USM, USPO) (MR, ilcd) (Entered: 05/05/2003) |
| 05/29/2003 |    | MINUTES: before Judge Jeanne E. Scott: PRETRIAL/CHANGE OF PLEA. AUSA Gregory Gilmore present for government. Defendant present in person and with his attorney, David Mote. Defendant sworn, examined by Court, advised of his rights and found competent to enter a knowing plea. Open plea discussed and entered of record. Theodore Workman entered an open guilty plea to count 1 of the indictment. Judgment entered on plea. PSR ordered. Trial scheduled for 6/2/03 is   |

| | | |
|---|---|---|
| | | canceled. Sentencing hearing scheduled for Friday, October 3, 2003, at 1:30 pm. Order on Implementation of Sentencing Guidelines entered. Defendant remanded to the custody of the US Marshals. (cc: all counsel) (CT, ilcd) (Entered: 05/29/2003) |
| 05/29/2003 | 13 | ORDER on Implemenation of Sentencing Guidelines by Judge Jeanne E. Scott (cc: all counsel) (CT, ilcd) (Entered: 05/29/2003) |
| 09/29/2003 | 14 | POSITION by: USA as to defendant Theodore Workman regarding commentary on sentencing factors (MC, ilcd) (Entered: 09/29/2003) |
| 10/03/2003 | | MINUTES: before Judge Jeanne E. Scott: MOTION HEARING. AUSA John Childress present for government. Defendant present in person and with his attorney, George Taseff. Defendant's motion to continue is granted. Sentencing hearing is scheduled for Friday, November 14, 2003, at 9:00 am. Defendant has until 10/10/03 to raise any objections. (cc: all counsel) (CT, ilcd) (Entered: 10/03/2003) |
| 10/10/2003 | 15 | POSITION by: defendant Theodore Workman regarding commentary on sentencing factors (MR, ilcd) (Entered: 10/10/2003) |
| 11/14/2003 | | MINUTES: before Judge Jeanne E. Scott: SENTENCING HEARING. AUSA Gregory Gilmore present for government. Defendant present in person, and with his attorney, George Taseff. Upon defendant's withdrawal of objections, Court adopted the factual findings of the PSR. Arguments of counsel heard regarding sentencing. Defendant's motion for downward departure denied. Defendant exercised his right of allocution and addressed the Court. Sentencing Theodore Workman (1) count(s) 1. Defendant sentenced to 146 months imprisonment; 3 years supervised release; $100.00 mandatory special assessment. Rights of appeal given. Defendant remanded to the custody of the US Marshals. Case terminated. (cc: all counsel) (CT, ilcd) (Entered: 11/14/2003) |
| 11/17/2003 | 16 | JUDGMENT and Commitment Order as to defendant Theodore Workman by Judge Jeanne E. Scott (CT, ilcd) (Entered: 11/17/2003) |
| 11/17/2003 | 17 | ORDER regarding sentencing by Judge Jeanne E. Scott (cc: all counsel) (CT, ilcd) (Entered: 11/17/2003) |
| 11/17/2003 | 18 | PRESENTENCE Report on Theodore Workman ( original sealed ) (CT, ilcd) (Entered: 11/17/2003) |
| 11/17/2003 | 19 | STATEMENT of Reason for Imposing Sentence (Sealed) as to defendant Theodore Workman by Judge Jeanne E. Scott (CT, ilcd) (Entered: 11/17/2003) |
| 11/17/2003 | 20 | SENTENCING recommendation (original sealed) as to defendant Theodore Workman (CT, ilcd) (Entered: 11/17/2003) |
| 12/19/2003 | 21 | JUDGMENT and Commitment returned executed 12/11/03 as to Theodore Workman (1) count(s) 1 (MC, ilcd) (Entered: 12/19/2003) |