E-FILED
Thursday, 10 February, 2005 01:40:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THEODORE WORKMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 04-3267 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION UNDER §2255**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Gregory M. Gilmore, Assistant United States Attorney, respectfully submits its response to petitioner's motion under 28 U.S.C. §2255. The government states as follows:

1. On November 14, 2003, Petitioner was sentenced by this Court to 146 months in prison. Petitioner did not appeal his conviction, and so at the latest his conviction became final ten days after he was sentenced (Fed.R.App.P. 4(b)(1)(A)). On December 6, 2004, petitioner filed the instant motion pursuant to 28 U.S.C. §2255. Petitioner's motion should be dismissed as untimely.

2. The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255, provides for a one-year limitation period for pursuing relief under 28 U.S.C. §2255. The period for filing such a motion begins to run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

As Petitioner's motion was filed untimely, it should be dismissed. Petitioner's motion was filed on December 6, 2004, and the very latest date available to Petitioner to file a petition was November 24, 2004.

3. Even if petitioner's motion was timely filed, his claim is without merit and his petition should be denied. Petitioner claims that he did not realize that his sentence could be enhanced by relevant conduct, and had he known of possible enhancements he would not have pled guilty, "I believed I was only pleading guilty to my charge, not any enhancements[, i]f I would have known I would not have pled guilty." "At no time was I told about any enhancements by anyone[,] I didn't know about them [until] I was being sentenced." (Pet.p.5)

A review of the transcript of the change of plea colloquy demonstrates that Petitioner was advised of the potential penalty, up to 20 years in prison, and that the Court could consider relevant conduct in determining what sentence to impose. The following is an excerpt:

The Court:      [Y]ou face as punishment a prison sentence of up to 20 years in length.

                *     *     *

                Mr. Workman, when the Court sentences you, the Court typically

|  |  |
|---|---|
|  | looks at the crime in question, and your background; in particular any criminal record you might have; in deciding what sentence to give you. But the Court is also entitled to consider something that we describe as other relevant conduct. And by that we mean other instances or behavior by you that are similar in nature to the crime in this case if those other instances are close enough in time to the date of the offense here to be considered relevant. So for example, if there were other instances where you manufactured drugs close enough in time to February of this year to be deemed relevant, then I could consider those other acts and those other drug situations against you in deciding your sentence in this case. Do you understand that? |
| Mr. Workman: | Yes. |
| The Court: | And I could do that even if you had never been charged with a crime or convicted of a crime in connection with those other incidents. |
| Mr. Workman: | Yes. |
| The Court: | As long as the Government gave me some credible evidence that they existed. I could consider that. |
| Mr. Workman: | Okay. |
| The Court: | Do you understand that? |
| Mr. Workman: | Yes. |

The Court:        Do you have any questions about what that means?

Mr. Workman:      No.

(5/29/2003 Transcript, p.11, 21-22)

    4. A review of the foregoing demonstrates that Petitioner was properly admonished as to the potential penalty of 240 months in prison (nearly 100 months more than he received), and the potential for the application of Sentencing Guideline enhancements.

    Even if Petitioner's motion was timely filed, and even if Petitioner could establish cause for failing to raise his claim on appeal, Petitioner's claim would still fail because it is totally without merit.

    The United States of America respectfully requests that the Petitioner's motion be dismissed as untimely or denied as it lacks merit.

    Respectfully submitted,

    JAN PAUL MILLER
    UNITED STATES ATTORNEY


    s/ Gregory M. Gilmore
    Gregory M. Gilmore, Reg. No. 06217499
    U.S. Attorney's Office
    318 South 6th Street
    Springfield, IL   62701
    Telephone: 217/492-4450
    greg.gilmore@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Theodore Workman
>14008-026
>TERRE HAUTE
>US Penitentiary
>PO Box 33
>Terre Haute, IN 47808

                                                 s/ Gregory M. Gilmore