**E-FILED**
Friday, 18 February, 2005  11:29:06 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THEODORE WORKMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  04-3267 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Theodore Workman's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.  Workman's Motion is denied because it is barred by the statute of limitations.

On May 29, 2003, Workman pleaded guilty to the charge of manufacture of a controlled substance (methamphetamine) in violation of 21 U.S.C. § 841(a)(1).  Workman claims that his attorney was ineffective in advising him to plead guilty because his attorney did not tell him of the potential enhancements that could increase the length of his sentence.  He states that he would not have pleaded guilty if he had known of the possible

1

enhancements.

Workman was sentenced on November 14, 2003, to term of 146 months imprisonment.  The judgment was entered on November 17, 2003. He did not appeal.  The judgment, therefore, became final 10 days later (excluding weekends and holidays), on December 2, 2003.  Fed. R. App. P. 4(b)(1)(A) & 26(a).  Workman signed his § 2255 Motion on December 6, 2004, and presumably sent it that day to be filed.  The Court received his Motion on December 12, 2004.

Section 2255 states that a motion must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United State is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255 ¶ 6.

Workman knew at the time of his sentencing on November 14, 2003, the facts which purportedly supported his claim that his counsel had failed to advise him effectively concerning the potential enhancements that he could face at sentencing. Thus, he knew the factual basis for his claim of ineffective assistance of counsel on that date, before the judgment became final in his case. He does not claim that the Government impeded him from filing his Motion, and he is not asserting any newly recognized rights. 28 U.S.C. § 2255 ¶ 6(2)&(3). The one-year statute of limitations on his § 2255 Motion, thus, started to run on the date on which the judgment became final, December 2, 2003. Id. ¶ 6(1). Workman did not file his § 2255 Motion until more than one year later, on December 6, 2004. The § 2255 Motion is therefore barred by the statute of limitations.

THEREFORE, Petitioner Theodore Workman's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (d/e 1) is DENIED. All pending motions are denied as moot. This case is closed. IT IS THEREFORE SO ORDERED.

ENTER:   February 17, 2005.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE